IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENLEY MENEFEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-3715 |
| | § | |
| NIKE INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In this civil suit alleging violations of multiple criminal statutes, Defendant Nike, Inc. ("Nike") has filed a Notice of Removal [Doc. # 1] and a Motion to Dismiss [Doc. # 3]. Plaintiff Henley Menefee, proceeding *pro se*, has responded [Doc. # 5]. The motion now is ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendant's motion should be **granted** and that this case should be **dismissed with prejudice**.

### I.   BACKGROUND

Plaintiff brought this civil action against Defendant Nike on November 21, 2014, in the 234th Judicial District Court of Harris County, Texas. *See* "Complaint," No. 2014-68454 [Doc. # 1-1]. Defendant removed to this Court on December 30,

2014, invoking this Court's federal question jurisdiction. Notice of Removal [Doc. # 1].[1] Defendant now seeks dismissal of this suit for failure to state a claim upon which relief can be granted.

Plaintiff's state court pleadings allege that he "has been placed on live television before the United States of America and other countries," and that viewers have seen him on live television and heard him on live radio, and that broadcasters and news anchors have "witnessed these events daily in my life and have discussed them on their shows, sitcoms, and daily commentaries." Doc. # 1-1, ¶ 3, ¶ 5.

> They have witnessed the development of new businesses, new companies, new products, new television shows, and even new television networks, that I am the creator and/or inventor, by violating constitutional rights and federal statutes of criminal civil rights, fraud, wire fraud, RICO, conspiracy, and federal wiretapping.

---

[1] Federal law requires a defendant to file a notice of removal within thirty days after the defendant receives, through service of process or otherwise, a copy of the initial pleading. 28 U.S.C.A. § 1446(b)(1). In this case, Defendant states that the removal was timely because it was filed within thirty days of Plaintiff's "purported service" on December 2, 2014. *Id.* at 2. Defendant has not provided any documentation to support its statement or to show the date of actual receipt of the pleadings. Nevertheless, Plaintiff has not objected to the timeliness of removal and has not filed a motion to remand, and the time to do so has passed. *See* 28 U.S.C.A. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). Therefore, to the extent the notice of removal was procedurally defective, the issue is now waived. *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) ("Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection" (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 359–60 (5th Cir.1990)).

*Id.* ¶ 6.  Plaintiff alleges that numerous media outlets and commercial entities, including Nike, have generated profits from the alleged violations of federal statutes. *Id.* ¶¶ 7-8.  Plaintiff does not give any details identifying the events, creations, or inventions to which he refers.

As discussed below, Plaintiff seeks relief under various federal criminal statutes.  Plaintiff has filed multiple similar suits in this judicial district, many of which have been dismissed.  *See Menefee v. Cullen Park Apts.*, No. 4:14-MC-817 (Lake, J.) (order dated May 1, 2014, dismissing Plaintiff's petition for issuance of criminal complaint); *Menefee v. United States of America*, No. 4:14-MC-819 (Lake, J.) (same); *Menefee v. CBS, et al.*, No. 4:14-MC-969 (Lake, J.) (same); *Menefee v. United States of America*, No. 4:14-MC-975 (Lake, J.) (same); *Menefee v. United States of America*, No. 4:14-MC-981 (Lake, J.) (same); *Menefee v. Federal Bureau of Investigation*, No. 4:14-MC-996 (Lake, J.) (same, dated May 2, 2014); *Menefee v. Houston Police Dept., et al.*, No. 4:14-MC-998 (Lake, J.) (same, dated May 7, 2014); *Menefee v. United States of America*, No. 4:14-MC-1123 (Harmon, J.) (same, dated May 13, 2014); *Menefee v. Houston Police Dept.*, No. 4:14-MC-1711 (Gilmore, J.) (order dated July 17, 2014, denying leave to proceed *in forma pauperis* because Plaintiff's complaint was frivolous); *Menefee v. The Coca-Cola Company*, No. 4:14-MC-2021 (Atlas, J.) (order dated Aug. 20, 2014, denying leave to proceed *in forma*

*pauperis* because Plaintiff was asserting only alleged criminal violations); *Menefee v. Coca-Cola*, No. 4:14-CV-2547 (Atlas, J.) (order dated Jan. 6, 2015, dismissing case for failure to serve defendant with process); *Menefee v. Roc-A-Fella Records, L.L.C.*, *et al.*, No. 4:14-CV-3494 (Atlas, J.) (order dated Feb. 3, 2015, dismissing case because Plaintiff lacks authority to bring criminal causes of action).

Plaintiff also has multiple lawsuits currently pending in this judicial district. *See Menefee v. Harris County Constable Office, et al.*, No. 4:14-CV-188 (Hittner, J.); *Menefee v. MHMRA of Harris County, et al.*, No. 4:14-CV-1703 (Hoyt, J.); *Menefee v. Houston Police Dept., et al.*, No. 4:14-CV-1705 (Rosenthal, J.); *Menefee v. Google, Inc.*, No. 4:14-CV-3429 (Hughes, J.); *Menefee v. Universal Music Group et al.*, No. 4:15-CV-271 (Atlas, J.); *Menefee v. UMG Recordings, Inc.*, No. 4:15-CV-334 (Rosenthal, J.).

On August 20, 2014, in a miscellaneous case related to the case at bar, this Court denied Plaintiff leave to proceed *in forma pauperis* because Plaintiff was asserting only alleged criminal violations. *Menefee v. Nike, Inc.*, No. 4:14-MC-2022 (Atlas, J.).

## II.   LEGAL STANDARD

Because Plaintiff filed suit in state court and has not amended his pleadings in federal court, this Court will apply Texas pleading standards to evaluate the claims

asserted in the Petition and Complaint.  *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946-47 (5th Cir. 2014) (federal rules apply to civil actions after removal from state court, but do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal) (citing FED. R. CIV. P. 81(c)(1)); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (considering sanctions and holding that "federal rules do not apply to filings in state court, even if the case is later removed to federal court").  Texas uses a "fair notice" standard of pleading, "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."  *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  A cause of action may be dismissed, upon motion, if "it has no basis in law or fact."  TEX. R. CIV. P. 91a.1.

Federal pleading standards are more stringent than Texas standards.  Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is plausible on its face.  *See  Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th

Cir. 2012).

Finally, pleadings filed by *pro se* litigants are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *U.S. v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997).

The difference between state and federal pleading standards is not dispositive in this case.  Even considering the deference afforded to *pro se* pleadings, Plaintiff's pleadings fail to state a legally viable claim under Texas standards, and thus would also fail under the stricter federal standards.

## III.   ANALYSIS

Plaintiff alleges that Nike violated the following statutes: 18 U.S.C. § 241 (criminal conspiracy); 18 U.S.C. § 371 (criminal conspiracy against the United States); 18 U.S.C. § 982 (criminal forfeiture); 18 U.S.C. § 984 (civil forfeiture); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (fraud by wire, radio or television); 18 U.S.C. § 1510 (obstruction of criminal investigations); 18 U.S.C. § 1959 (violent crimes in aid of racketeering activity); 18 U.S.C. § 1961 (Racketeer Influenced and Corrupt Organizations ("RICO") definitions); 18 U.S.C. § 1962 (RICO's specification of prohibited activities); 18 U.S.C. § 1963 (RICO's criminal penalties); 18 U.S.C. § 1964 (RICO's civil remedies available to the government); 18 U.S.C. § 2510 (definitions relevant to federal wiretapping statute).

In all of these claims, Plaintiff sues Nike for alleged criminal violations, or seeks penalties such as forfeiture that only the government is authorized to seek. The United States Supreme Court and the Fifth Circuit have clearly held that private citizens like Plaintiff has no authority to initiate criminal prosecutions and cannot enforce criminal statutes through civil actions. *See U.S. v. Batchelder*, 442 U.S. 114, 124 (1979); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005).

Plaintiff also alleges "violations of the Constitution," Doc. # 1-1, ¶ 9, but does not cite any specific constitutional provision and brings no explicit cause of action. Even given the liberal construction afforded to *pro se* pleadings, this vague allegation does not give rise to a viable civil claim, whether under Texas or federal pleading standards. *See Horizon/CMS*, 34 S.W.3d at 896; *Patrick*, 681 F.3d at 617. Plaintiff's Response [Doc. # 5] provides no additional information or authority weighing against dismissal.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 3] is **GRANTED**. All of Plaintiff's claims are **DISMISSED with prejudice**.

A separate final judgment will issue.

**SIGNED** at Houston, Texas, this **10th** day of **February, 2015.**

_____
Nancy F. Atlas
United States District Judge